NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA CHRISTINA CHOCOYO-CONCUA; et al., | No. 18-73314 |
| Petitioners, | Agency Nos. A202-135-015 |
| | A202-135-014 |
| v. | A202-135-016 |
| | A202-135-017 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit
Judges.

Maria Cristina Chocoyo-Concua,[1] a citizen of Guatemala, petitions for review

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Chocoyo-Concua's three children, who are also citizens of Guatemala, are
derivative beneficiaries of her application for asylum and related relief.

of the Board of Immigration Appeals's (BIA) order dismissing her appeal from the Immigration Judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review the BIA's legal conclusions de novo and its "factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.    Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility finding. The BIA based its decision on relevant factors, including inconsistencies in Chocoyo-Concua's testimony, inconsistencies between her testimony and documentary evidence, and her unresponsiveness to the IJ's questions. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Chocoyo-Concua argues that any inconsistencies in her statements are trivial and cannot support an adverse credibility determination. We disagree. The BIA cited multiple inconsistencies concerning the facts underlying her requests for relief. Because such inconsistencies reasonably bear on Chocoyo-Concua's veracity, the BIA did not err in relying on them to affirm the IJ's credibility finding. *Shrestha v. Holder*, 590 F.3d 1034, 1044, 1046–47 (9th Cir. 2010). Substantial evidence also supports the BIA's determination that she failed to rehabilitate her claim with sufficient corroborating evidence. Thus, the BIA did not err in concluding that without credible testimony or sufficient corroborating

evidence, Chocoyo-Concua failed to establish eligibility for asylum and withholding of removal. *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

2.      Substantial evidence also supports the BIA's decision regarding Chocoyo-Concua's CAT claim. A petitioner seeking protection under the CAT must show that it is "more likely than not" she will be tortured upon removal. 8 C.F.R. § 208.16(c)(2). Chocoyo-Concua, however, cites only "generalized evidence of violence and crime in [Guatemala]," *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010), and fails to show that she faces a "*particularized threat* of torture," *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (citation omitted). The BIA, therefore, did not err in affirming the IJ's denial of relief under the CAT.

**PETITION FOR REVIEW DENIED.**